**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                     *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JENNINA ANDERSON,** | : | **Civil Action No.** |
| **2979 W Schoolhouse Lane** | : | |
| **Philadelphia, PA 19144** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **PENNSYLVANIA CVS** | : | |
| **PHARMACY, LLC,** | : | |
| **4849 Market Street** | : | |
| **Philadelphia, PA 19139** | : | |
| | : | |
| **1 CVS Drive** | : | |
| **Woonsocket, RI 02895** | : | |
| **Defendant.** | : | |

### CIVIL ACTION

Plaintiff, Jennina Anderson (hereinafter "Plaintiff"), by and through her attorney, Koller

Law, LLC, bring this civil matter against Pennsylvania CVS Pharmacy, LLC (hereinafter

"Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"),

the Americans with Disabilities Act of 1990, as amended ("ADA"), the Age Discrimination in

Employment Act ("ADEA"), the Pennsylvania Human Relations Act ("PHRA") and the

Philadelphia Fair Practices Ordinance ("PFPO").  In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant Pennsylvania CVS Pharmacy, LLC is a pharmacy with a location at 4849 Market Street, Philadelphia, PA 19139 and corporate headquarters located at 1 CVS Drive, Woonsocket, RI 02895.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant

2

to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII, the ADA, the ADEA, PHRA and the PFPO.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on December 5, 2024, alleging race, disability and age discrimination as well as retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2025-01775 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated February 2, 2026.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

3

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA and PFPO claims.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff was born in 1970 and is Black.

21. On or about April 1, 1999, Defendant hired Plaintiff

22. Plaintiff maintained stellar work performance throughout her employment.

23. As a result, Defendant promoted Plaintiff multiple times.

24. On or about January 30, 2022, Defendant selected Plaintiff to participate in the Store Manager in Training Program (SMIT).

25. Plaintiff performed well and as a result, was promoted to Store Manager on or about October 30, 2022.

26. Plaintiff was well qualified for her position and performed well.

## PLAINTIFF WAS ASSIGNED TO THE 4849 MARKET STREET LOCATION, WHICH WAS KNOWN FOR ITS HIGH THEFT AND ROBBERY RATES

27. Defendant assigned Plaintiff to manage the 4849 Market Street, Philadelphia, PA location.

28. This location was known to have high theft and robbery rates.

29. This location is known to be an older building, with mice infestation and old carpeting.

30. Defendant belonged to a task force at this location due to its reputation.

4

**THE DISTRICT LEADERS RARELY VISITED PLAINTIFF'S STORE LOCATION**

31. Mark Brum (Caucasian, early 40's) and John Beswick (Caucasian, 40's), District Leaders, oversaw Plaintiff's role as Store Manager of this location.

32. However, Brum and Beswick rarely visited the location themselves to see the issues in the store.

**THE DISTRICT LEADER/EMERGING LEADER NITPICKED PLAINTIFF'S WORK PRODUCT AND MADE DEROGATORY COMMENTS ABOUT PLAINTIFF'S AGE**

33. Instead, Brum sent Joe Simko (Caucasian, 40's), District Leader/Emerging Leader, to check on Plaintiff's store location.

34. Prior to becoming a Store Manager, Plaintiff worked under Simko (former Store Manager), as a Beauty Manager.

35. During this time, Plaintiff and Simko had a strained relationship.

36. Simko constantly nitpicked Plaintiff's work product.

37. Simko told Plaintiff she had not been trained properly and could not do her job.

38. Simko made derogatory comments about Plaintiff's age and the rate at which she worked.

**PLAINTIFF WAS BLAMED FOR THE ISSUES AT THE STORE LOCATION**

39. When Simko began checking in on Plaintiff's store in 2022, Brum refused to recognize that the store location had been in shambles for years prior to Plaintiff taking over as Store Manager.

40. Simko blamed all of the issues at the location on Plaintiff.

**SIMKO FREQUENTLY TOLD PLAINTIFF TO STEP DOWN AS STORE MANAGER OR RETIRE**

41. In fact, in 2023, Simko frequently brought up to Plaintiff that she should either step down from her role as Store Manager or retire.

5

42. One at least one (1) occasion, Shawn Fitzpatrick, District Asset Protection Leader, overheard Simko tell Plaintiff to retire.

**SIMKO REFUSED TO PROVIDE ASSISTANCE TO PLAINTIFF**

43. When Plaintiff told Simko that she needed more help in the store, Simko refused to provide Plaintiff with necessary resources.

44. In fact, Simko took hours that should have been assigned to help Plaintiff's store and allocated them to other store locations instead.

45. As a result of the issues at her store location, Plaintiff worked fifty to sixty (50-60) hours per week instead of her contracted forty-five (45) hour work week schedule.

**PLAINTIFF COMPLAINED ABOUT HER SCHEDULE AND STORE ISSUES, BUT IT WAS NOT ADDRESSED BY DEFENDANT**

46. Plaintiff complained about her schedule and store issues to Simko, Brum and Beswick.

47. On several occasions, Beswick, under Brum's orders, issued Plaintiff write ups for her store's shelves not being fully stocked.

48. Plaintiff reiterated time and time again that this was due to the high theft rate in the store, something she could not control without more support and resources from upper management.

**DEFENDANT DECIDED TO REMODEL PLAINTIFF'S STORE LOCATION, BUT DID NOT PROVIDE ANY SUPPORT TO PLAINTIFF FOR THE REMODEL**

49. In or around early 2024, Defendant decided to remodel Plaintiff's store in an attempt to help with the theft issues.

50. The remodel was set to occur in July 2024.

51. However, neither Simko nor Brum provided any support to Plaintiff for the remodel.

6

## BRUM INFORMED PLAINTIFF THAT SHE COULD NOT STEP DOWN AS STORE MANAGER AND WOULD HAVE TO EITHER RESIGN OR BE TERMINATED

52. In or around July 2024, Brum visited Plaintiff's store.

53. Plaintiff told Brum she wanted to retire with Defendant eventually because she had worked there for so many years.

54. Plaintiff inquired about the possibility of stepping down to a less intense role, as her health had been struggling in the past month.

55. Brum stated that management at Defendant cannot step down, they must resign or be terminated.

## BRUM TOLD PLAINTIFF THAT SHE HAD TO RESIGN AND THEN REAPPLY FOR A DIFFERENT LOCATION

56. Later, Brum reiterated to Plaintiff that she could not step down.

57. Instead, Brum told Plaintiff she must resign and then reapply to be rehired at a new location that was open 24 hours a day.

58. Further, Brum told Plaintiff she could not reapply to be an Operations Manager, which would only be a slight demotion, but rather Plaintiff would only be able to be a Supervisor.

59. Taking a Supervisor role would be a large decrease in pay and responsibility at Defendant.

60. Brum told Plaintiff she should just resign immediately.

## PLAINTIFF WAS DIAGNOSED WITH A DISABILITY

61. Due to the stress of the situation, Plaintiff started having more trouble walking.

62. Plaintiff began using a cane at Defendant.

7

63. Plaintiff informed Brum that she had upcoming doctor's appointments and was waiting on the results for a diagnosis.

64. Later, Plaintiff was diagnosed with Osteoarthritis.

65. Osteoarthritis is a serious medical condition that is considered to be a disability under the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO").

66. The major life activities affected by Osteoarthritis include, but are not limited to, walking and performing manual tasks.

**PLAINTIFF REQEUSTED A MEDICAL LEAVE OF ABSENCE DUE TO HER DISABILITY**

67. In or around early August 2024, Plaintiff submitted a request for a medical leave of absence through Defendant's Human Resources portal due to her diagnosis.

**BRUN INSRUCTED PLAINTIFF TO RESCIND HER REQUEST FOR A MEDICAL LEAVE OF ABSENCE**

68. Brum immediately instructed Plaintiff to remove the request because Plaintiff would not be able to get paid during her medical leave.

**PLAINTIFF SUBMITTED HER RESIGNATION, AS INSTRUCTED BY BRUM**

69. Under the assumption that she could not go on a paid medical leave of absence, Plaintiff was forced to submit her resignation as instructed by Brum.

70. On August 11, 2024, Plaintiff submitted her resignation by email to Beswick to be effective on August 25, 2024.

**BRUM, BESWICK AND SIMKO PREVENTED PLAINTIFF FROM BEING ABLE TO BE REHIRED AT DEFENDANT AS PREVIOUSLY PLANNED, EFFECTIVELY TERMINATING PLAINTIFF**

71. Plaintiff intended to get rehired into a new role as Brum had informed her.

72. Plaintiff needed a recommendation from a manager in order to get rehired at a different store location.

73. However, Brum, Beswick and Simko refused to send Plaintiff the required recommendation so that she could be rehired.

74. As a result, Plaintiff was effectively terminated from Defendant.

75. Plaintiff was 53 years old at the time of her termination.

## HUMAN RESOURCES INFORMED PLAINTIFF THAT IT WAS UNAWARE OF THE PLAN TO REHIRE PLAINTIFF

76. Plaintiff never received an exit letter from Human Resources.

77. When Plaintiff contacted Human Resources, the Representative indicated that they were unaware of the plan for Plaintiff to be rehired.

78. However, Plaintiff still received company emails as if she was employed by Defendant thereafter.

## CAUCASIAN AND/OR YOUNGER MANAGERS WERE ABLE TO STEP DOWN AND TRANSFER STORE LOCATIONS WITHOUT HAVING TO RESIGN AND REAPPLY TO DEFENDANT

79. Importantly, David Borata (Caucasian, 30's), Store Manager, and Melissa LNU (Caucasian), Store Manager, were able to step down in position and change store locations without having a to submit a resignation.

80. James Bowman (Caucasian), Project Manager, was also given the opportunity to go to another store location without losing years of service to work at a lower volume store, despite having a Human Resources ethics violation and other write ups.

81. Defendant discriminated against Plaintiff due to her race, age and disability and retaliated against her due to her complaints of discrimination and/or for requesting a reasonable

9

accommodation in the form of a medical leave of absence in violation of Title VII, the ADEA, the ADA, the PHRA and the PFPO.

82. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

## COUNT I – RACE DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

83. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

84. Plaintiff is a member of protected classes in that she is Black.

85. Plaintiff was qualified to perform the job for which she was hired.

86. Plaintiff suffered adverse job actions, including, but not limited to termination.

87. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

88. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

89. Defendant discriminated against Plaintiff on the basis of her protected class.

90. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

91. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

92. Defendant's conduct was willful or performed with reckless disregard to her federal statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – DISCRIMINATION BASED ON RACE
## PENNSYLVANIA HUMAN RELATIONS ACT

93. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

94. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her protected class (Black).

95. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – DISCRIMINATION BASED ON RACE
## PHILADELPHIA FAIR PRACTICES ORDINANCE

96. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

97. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her protected class (Black).

98. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

99. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

100. Plaintiff was born in 1970.

101. Plaintiff was qualified to perform the job.

102. Defendant terminated Plaintiff.

103. Defendant treated younger employees more favorably than Plaintiff.

11

104. Defendant has no legitimate non-discriminatory reason for its actions.

105. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT V – AGE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

106. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

107. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her age.

108. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VI – AGE DISCRIMINATION
## PHILADELPHIA FAIR PRACTICES ORDINANCE

109. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

110. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her age.

111. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VII – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

112. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

113. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

114. Plaintiff was qualified to perform the job.

115. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

116. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

117. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

118. Plaintiff's disability motivated Defendant's decision to take adverse actions against Plaintiff.

119. The purported reason for Defendant's decision is pretextual.

120. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

121. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

122. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

13

123. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT VIII – DISABILITY DISCRIMINATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

124. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

125. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

126. Plaintiff was qualified to perform the job.

127. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

128. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

129. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

130. Plaintiff's disability motivated Defendant's decision to terminate Plaintiff.

131. The purported reason for Defendant's decision is pretextual.

132. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

133. The above actions by Defendant also constitute a failure to accommodate and a failure

to engage in the required interactive process.

134. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT IX – DISABILITY DISCRIMINATION
### PHILADELPHIA FAIR PRACTICES ORDINANCE

135. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

136. Plaintiff is a "qualified individual with a disability" as that term is defined under the PFPO because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

137. Plaintiff was qualified to perform the job.

138. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

139. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

140. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

141. Plaintiff's disability motivated Defendant's decision to terminate Plaintiff.

142. The purported reason for Defendant's decision is pretextual.

143. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

15

144. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

145. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT X – RETALIATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

146. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

147. Plaintiff engaged in activity protected by Title VII.

148. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

149. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT XI – RETALIATION**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**

150. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

151. Plaintiff engaged in activity protected by the ADEA.

152. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

16

153. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT XII – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

154. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

155. Plaintiff engaged in activity protected by the ADA.

156. Plaintiff requested a reasonable accommodation in the form of a medical leave of absence due to her disability to Defendant.

157. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

158. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT XIII – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

159. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

160. Plaintiff engaged in activity protected by the PHRA.

161. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

162. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT XIV – RETALIATION
### PHILADELPHIA FAIR PRACTICES ORDINANCE

163. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

164. Plaintiff engaged in activity protected by the PFPO.

165. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

166. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jennina Anderson, requests that the Court grant her the following relief against Defendant:

(a)    Compensatory damages;

(b)    Punitive damages;

(c)    Liquidated damages;

(d)    Emotional pain and suffering;

(e)    Reasonable attorneys' fees;

(f)    Recoverable costs;

18

(g)　　Pre and post judgment interest;

(h)　　An allowance to compensate for negative tax consequences;

(i)　　A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the Title VII, the ADEA, the ADA, the PHRA and the PFPO.

(j)　　Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)　　Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)　　Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

19

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: May 4, 2026                **By:**   */s/David M. Koller*
David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

20